KENT MARKUS, OH Bar # 16005
Enforcement Director
ELIZABETH BOISON, DC Bar # 488072
(Email: elizabeth.boison@cfpb.gov)
(Phone: 202-435-7369)
MELANIE HIRSCH, DC Bar # 989310
(Email: melanie.hirsch@cfpb.gov)
(Phone: 202-435-7944)
1700 G Street NW
Washington, DC 20552
Fax: 202-435-7722

KENT KAWAKAMI, CA Bar # 149803 – Local Counsel
(Phone: 213-894-4858)
(Email: Kent.Kawakami@usdoj.gov)
United States Attorney's Office
Central District of California - Civil Division
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012
Fax: 213-894-2380

Attorneys for Plaintiff
Consumer Financial Protection Bureau

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Consumer Financial Protection Bureau,<br>　　　　Plaintiff,<br>　　v.<br>Najia Jalan, *et al.* | Case No. SACV12-2088AG (ANx)<br><br>**ORDER TO SHOW CAUSE WHY CONTEMPT DEFENDANTS NAJIA JALAN, KARI S. SIMMONS, AND UNMPC –NCAC BT SHOULD NOT BE HELD IN CONTEMPT OF COURT AND BE SUBJECT TO SANCTIONS** |

Upon review and consideration of Plaintiff Consumer Financial Protection Bureau's Motion for an Order to Show Cause Why Najia Jalan, Kari S. Simmons, and UNMPC-NCAC BT Should Not Be Found in Contempt for Their Violations of This Court's Orders ("Motion"), including the December 4, 2012, *Ex Parte* Temporary Restraining Order ("TRO") and the December 14, 2012, Stipulated Preliminary Injunction With Asset Freeze, Appointment of Receiver, and Other Equitable Relief ("PI") (collectively, "Orders"),

IT IS ORDERED as follows:

1. Defendant Najia Jalan (a/k/a Sarah Johnson, Sarah or Sara St. John, Sarah Kim, Najia Jalah, Sarah John, Sarah Love, or Najia Ebrahimi, and d/b/a National Legal Help Center, NationalLegalHelp.com, National Legal Assistance, Legal Modification Firm CP, First Class Doc Prep, Williams Law Center JW, Williams Litigation Center / Cash Entertainment and Najia Jalan) ("Jalan") and non-parties Kari S. Simmons ("Simmons") and UNMPC-NCAC BT ("UNMPC"), (collectively the "Contempt Defendants"), shall appear in person before this Court for a hearing to be conducted on the 24th day of June, 2013, at 10 am in Courtroom 10D of this Court located at 411 West Fourth Street, Room 1053, Santa Ana, California, and shall there and then show cause as to why each of them should not be held in contempt of court for violations of the Court's Orders as described in the Motion and why an order granting the following relief ("Contempt Order") should not be issued against them:
    a. holding Jalan in contempt of Court for violation of the TRO and PI;
    b. holding Simmons and UNMPC in contempt of Court for violation of the PI;

    c. requiring Jalan to purge her contempt of Court by doing all of the following: (i) immediately ceasing any representations prohibited by Section I of the Orders; (ii) immediately ceasing the solicitation or collection of advance fees in violation of Section III of the Orders; (iii) immediately disabling all websites used for advertising mortgage assistance relief services that contain prohibited representations, pursuant to Section V of the Orders, and notifying counsel for the Bureau of any other internet website operated or controlled by any Contempt Defendant; (iv) immediately ceasing to cash, negotiate, endorse, transfer, or receive any value for any checks written by consumers, customers, or clients to UNMPC, NLHC, or any other entity; (v) immediately remitting to the NLHC Receivership at least $128,500, for which the Contempt Defendants are jointly and severally liable, and any other proceeds of illegal advance fees or other funds taken from consumers whether in the name of UNMPC or otherwise, whether in tangible or intangible form, and all property into which those funds have been converted, whether held in the name of UNMPC, Najia Jalan, Kari S. Simmons, or a third party; (vi) immediately ceasing misuse or benefit received from NLHC customer information according to Section XXII of the Orders; (vii) immediately providing copies of the PI to all successors, assigns, officers, employees, independent contractors of the former NLHC or UNMPC and, as required by Section XXVII of the PI;  (viii) immediately remitting to the NLHC Receivership at least the $12,500 she dissipated immediately and any other assets she has dissipated in violation of Section VII of the TRO; (ix) immediately complying with Section IX of the Orders by producing the required financial

statements and accounting; (x) immediately producing an accounting of foreign assets and repatriating them according to Section XI of the Orders; and (xi) providing a sworn statement to Bureau counsel within 7 days of entry of the Order that she has done so or be the subject of an immediate bench warrant directing the United States Marshall to immediately take her into custody and incarcerate her until she has purged her contempt;

d. requiring Simmons to purge her contempt of Court by doing all of the following: (i) immediately ceasing any representations prohibited by Section I of the Orders; (ii) immediately ceasing the solicitation or collection of advance fees in violation of Section III of the Orders; (iii) immediately disabling all websites used for advertising mortgage assistance relief services that contain prohibited representations, pursuant to Section V of the Orders, and notifying counsel for the Bureau of any other internet website operated or controlled by any Contempt Defendant; (iv) immediately ceasing to cash, negotiate, endorse, transfer, or receive any value for any checks written by consumers, customers, or clients to UNMPC, NLHC, or any other entity; (v) immediately remitting to the NLHC Receivership at least $128,500, for which the Contempt Defendants are jointly and severally liable, and any other proceeds of illegal advance fees or other funds taken from consumers whether in the name of UNMPC or otherwise, whether in tangible or intangible form, and all property into which those funds have been converted, whether held in the name of UNMPC, Najia Jalan, Kari S. Simmons, or a third party; (vi) immediately ceasing misuse or benefit received from NLHC customer information according to Section XXII of the Orders; (vii)

immediately providing copies of the PI to all successors, assigns, officers, employees, independent contractors of the former NLHC or UNMPC and, as required by Section XXVII of the PI; (viii) immediately producing a financial statement and accounting to, *inter alia*, enable the Bureau to locate any assets derived from her contempt; (ix) immediately producing an accounting of foreign assets and repatriate them; and (x) providing a sworn statement to Bureau counsel within 7 days of entry of the Order that she has completed all of the items listed above so or incur a *per diem* fine of $10,000 until she has purged her contempt.

e. requiring UNMPC to purge its contempt of Court by doing all of the following: (i) immediately ceasing any representations prohibited by Section I of the Orders; (ii) immediately ceasing the solicitation or collection of advance fees in violation of Section III of the Orders; (iii) immediately disabling all websites used for advertising mortgage assistance relief services that contain prohibited representations, pursuant to Section V of the Orders, and notifying counsel for the Bureau of any other internet website operated or controlled by any Contempt Defendant; (iv) immediately ceasing to cash, negotiate, endorse, transfer, or receive any value for any checks written by consumers, customers, or clients to UNMPC, NLHC, or any other entity; (v) immediately remitting to the NLHC Receivership at least $128,500, for which the Contempt Defendants are jointly and severally liable, and any other proceeds of illegal advance fees or other funds taken from consumers whether in the name of UNMPC or otherwise, whether in tangible or intangible form, and all property into which those funds have been converted, whether held in the name of

5

UNMPC, Najia Jalan, Kari S. Simmons, or a third party; (vi) immediately ceasing misuse or benefit received from NLHC customer information according to Section XXII of the Orders; (vii) immediately providing copies of the PI to all successors, assigns, officers, employees, independent contractors of the former NLHC or UNMPC and, as required by Section XXVII of the PI; and (viii), providing a sworn statement to Bureau counsel within 7 days of entry of the Order that it has completed all of the items listed above.

2. Written opposition or response to the Motion shall be filed with the Court and served on counsel for the Bureau and counsel for the Receiver on or before June 3, 2013;

3. Reply to any written opposition or response to the Motion may be filed by the Bureau and served on the opposing party and all parties to this action on before June 10, 2013;

4. Service of this Order to Show Cause shall be effectuated by the Bureau on Defendant and Contempt Defendant Najia Jalan by service of this Order by email or overnight mail service for receipt by no later than May 20, 2013;

5. Service of this Order to Show Cause shall be effectuated by the Bureau on Contempt Defendant Kari S. Simmons by email or overnight mail service for receipt by no later than May 20, 2013;

//
//
//
//
//

6. Service of this Order to Show cause shall be effectuated by the Bureau on Contempt Defendant UNMPC by service of this Order on Kari S. Simmons, its registered representative, by email or overnight mail service for receipt by no later than May 20, 2013.

Dated: May 16, 2013  _____

United States District Judge
Andrew J Guilford