KENT MARKUS, OH Bar # 16005
Enforcement Director
ELIZABETH BOISON, DC Bar # 488072
(Email: elizabeth.boison@cfpb.gov)
(Phone: 202-435-7369)
MELANIE HIRSCH, DC Bar # 989310
(Email: melanie.hirsch@cfpb.gov)
(Phone: 202-435-7944)
1700 G Street NW
Washington, DC 20552
Fax: 202-435-7722

KENT KAWAKAMI, CA Bar # 149803 – Local Counsel
(Phone: 213-894-4858)
(Email: Kent.Kawakami@usdoj.gov)
United States Attorney's Office
Central District of California - Civil Division
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012
Fax: 213-894-2380

Attorneys for Plaintiff
Consumer Financial Protection Bureau

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau, <br><br> Plaintiff, <br><br> v. <br><br> Najia Jalan, *et al.*, <br><br> Defendants. | Case No. SACV12-02088 AG (ANx) <br><br> [THIRD PROPOSED] DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION, MONETARY RELIEF, AND CIVIL MONEY PENALTIES AGAINST DEFENDANTS NAJIA JALAN, NATIONAL LEGAL HELP CENTER, INC., AND RICHARD K. NELSEN |

Plaintiff Consumer Financial Protection Bureau ("CFPB" or "Bureau"), commenced this civil action on December 3, 2012, pursuant to:  (1) Sections 1031(a), 1036(a), 1054, and 1055 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a), 5564, and 5565; and (2) Section 626 of the Omnibus Appropriations Act of 2009, as amended by Section 1097 of the CFPA, 12 U.S.C. § 5538, and the Mortgage Assistance Relief Services Rule, 16 C.F.R. Part 322, recodified as 12 C.F.R. Part 1015 ("Regulation O"), by filing a Complaint for preliminary and permanent injunctive relief, rescission or reformation of contracts, the refund of monies paid, restitution, disgorgement of ill-gotten monies, civil money penalties, and other relief for Defendants' acts or practices in violation of the CFPA and Regulation O in connection with the marketing and sale of mortgage assistance relief services.  On December 4, 2012, the Court issued a Temporary Restraining Order.  *See* ECF No. 14. On December 14, 2012, the Court entered the parties' stipulated Preliminary Injunction. *See* ECF No. 22.

Defendants Najia Jalan, National Legal Help Center, Inc., and Richard K. Nelsen (collectively "Defendants") failed to file an answer or otherwise defend this action, and the Clerk entered default against them on February 12, 2013.  Default by Clerk, ECF No. 36.  The Bureau has filed a Notice of Application and Application for Entry of Default Judgment and Order for Permanent Injunction, Equitable Monetary Relief, and Civil Money Penalties against all Defendants, pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rules 55-1 and 55-2.  The Court, having considered the Bureau's Application, supporting exhibits, and the entire record in this matter, finds good cause to grant the relief requested in the Bureau's Application.  **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1.      This is an action by the Bureau instituted under Sections 1031(a), 1036(a), 1054, and 1055 of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a), 5564, and 5565; and

Regulation O, 16 C.F.R. Part 322, recodified as 12 C.F.R. Part 1015.  The Complaint seeks permanent injunctive relief, equitable monetary relief, and civil money penalties. The Bureau has authority to seek this relief.

2.      This Court has jurisdiction over the subject matter of this case and has jurisdiction over Defendants, pursuant to 12 U.S.C. § 5565(a)(1) and 28 U.S.C. §§ 1331and 1345.

3.      Venue in the Central District of California is proper under 28 U.S.C. §§ 1391(b) and (c), and 12 U.S.C. § 5564(f).

4.      Defendants have been properly served with the Summons and Complaint.

5.      Defendants have failed to answer or otherwise defend this action.

6.      The Clerk of Court properly entered defaults against Defendants on February 12, 2013.

7.      Defendants are not minors, incompetent persons, or current members of the military service.

8.      Defendants Jalan and Nelsen, having previously appeared in this action, were given seven days' notice of the motion for a default judgment, as required by Fed. R. Civ. P. 55(b)(2).

9.      Defendant NLHC did not appear in this action.

10.     The Complaint states a claim upon which relief can be granted.

11.     Because of Defendants' default, the allegations in the Complaint filed in this action are taken as true.

12.     Defendant Jalan filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 15, 2013.  *See In re Jalan*, No. 8:13-bk-12301-ES (Bankr. C.D. Cal.).  This action seeks to enforce the Plaintiff's police or regulatory powers and is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

13.     Section 1055 of the CFPA, 12 U.S.C. § 5565, empowers this Court to order injunctive and other relief, restitution, and civil money penalties.

3

14.     The Bureau is entitled to an Order:  imposing a permanent injunction; requiring Defendants to make restitution of $2,057,983; requiring Defendant Jalan to pay a $1,000,000 civil money penalty; and requiring Defendant Nelsen to pay a $50,000 civil money penalty.

15.     This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

16.     Entry of this Order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.     "Consumer financial product or service" has the same meaning as in section 1002(5) and (15) of the CFPA, 12 U.S.C. § 5481(5) and (15).

2.     "Mortgage assistance relief product or service" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

    a.     stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

    b.     negotiating, obtaining, or arranging a modification of any term of dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

    c.     obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

    d.     negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a

4

dwelling, or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

    e.    obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or

    f.    negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed in lieu of foreclosure, (iii) or any other disposition of a dwelling loan other than a sale to a third party that is not the dwelling loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application.

    3.    "Receiver" means Howard I. Camhi, 9401 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212-2974.

    4.    "Receivership Assets" means and includes any asset of any Receivership Defendant, as defined below, and includes:

    a.    all assets held by or for the benefit of any Defendant, directly or indirectly, and regardless of the nominal title holder of the account;

    b.    any assets Defendant Jalan dissipated following entry of an order of this Court; and

    c.    any assets or proceeds thereof that any Defendant received from or held on behalf of consumers, whether in constructive trust or otherwise.

    5.    "Receivership Defendant" means National Legal Help Center, Inc., and its successors, assigns, affiliates, or subsidiaries, individually, collectively, or in any combination, and each of them by whatever names each might be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Defendants, including any entities which may be operated under fictitious business names of the Defendants.

# ORDER

## I.

## BAN ON MORTGAGE ASSISTANCE RELIEF PRODUCTS AND SERVICES

**IT IS HEREBY ORDERED** that the Defendants, whether acting directly or indirectly, are permanently enjoined from:

A.   Advertising, marketing, promoting, offering for sale, or selling any mortgage assistance relief product or service; and

B.   Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage assistance relief product or service.

## II.

## PROHIBITED MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that the Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the marketing performance, or sale of any consumer financial product or service, are permanently enjoined from:

A.   Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

   1.   That any person is any agency of the United States government or is affiliated with, endorsed or approved by, or otherwise associated with the United States government, any government agency, any governmental homeowner assistance plan, any State, or local governmental agency, unit, or department, or any nonprofit homeowner assistance provider;

   2.   That a consumer will receive a product or service within a certain period of time;

3. That a consumer will receive any benefit as a result of any product or service that purports to analyze a consumer's mortgage, loan, credit, bank records, or finances;

4. That any person is endorsed by or associated with any company with which the consumer does business;

5. That a consumer will receive representation by an attorney;

6. That a consumer should not contact his or her lender or make payments on an outstanding loan;

7. The likelihood of a consumer's receiving a consumer financial product or service; and

8. Any material fact relating to any consumer financial product or service.

B. Using billing or bank account information to obtain payment from a customer, unless, prior to using such information:

1. They request that the consumer indicate his or her assent to pay using a specified amount, on specified dates;

2. They disclose clearly and conspicuously and in close proximity to the request for the consumer's indication of assent the following information:

      a. The specific billing information to be used;

      b. The amount to be paid;

      c. The method to be used to assess the payment;

      d. The entity on whose behalf the payment will be assessed;

      e. The date(s) on which the payment is to be assessed; and

      f. All limitations applicable to the product or service; and

3. The consumer affirmatively indicates assent to pay the specified account, on specified dates.

## III.

## SUBSTANTIATION FOR BENEFIT CLAIMS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently enjoined from making any representation about the benefits of any consumer financial product or service without a reasonable basis to believe that the representation is true.

## IV.

## PROHIBITION ON USING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently enjoined from:

    A.    Using, disclosing, or benefitting from any customer information obtained prior to entry of this Order in connection with the advertising, sale, or provision of a mortgage assistance relief service; and

    B.    Failing to dispose of such customer information within thirty (30) days after entry of this Order. Disposal must protect against unauthorized access to the information, such as by shredding papers or destroying electronic media.

## V.

## PROHIBITION ON COLLECTING ACCOUNTS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently enjoined from collecting payment from any consumer who purchased or agreed to purchase mortgage assistance relief products or services from Defendants.

## VI.

## ORDER TO PAY CIVIL MONEY PENALTY

**IT IS FURTHER ORDERED** that:

A.     Taking into account the factors set forth in 12 U.S.C. § 5565(c)(3), Defendant Jalan shall pay a total civil money penalty of $1,000,000, and Defendant Nelsen shall pay a total civil money penalty of $50,000, with post-judgment interest at the legal rate.  This monetary judgment is enforceable against any asset owned by, on behalf of, for the benefit of, or in trust by or for, the Defendants.

B.     Within ten (10) days of the Court's entry of this Order, Defendants shall wire their civil money penalties to the Bureau.

C.     The civil money penalties paid pursuant to this Order shall be deposited in the Civil Penalty Fund of the CFPB in accordance with Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

## VII.

## JUDGMENT FOR EQUITABLE MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.     A judgment for equitable monetary relief is entered against the Defendants, jointly and severally, in the amount of $2,057,983, with post-judgment interest at the legal rate.  This monetary judgment is enforceable against any asset owned by, on behalf of, for the benefit of, or in trust by or for, the Defendants.

B.     This Order grants the Bureau all rights to Defendants' frozen assets currently in the control of the Receiver, including but not limited to:

   1.     Accounts xxxx5132, xxxx9649, and xxxx6095 at Bank of America N.A.;

   2.     Accounts xxxx6657 and xxxx3960 at JP Morgan Chase Bank N.A.;

3.    Accounts xxxx3899, xxxx3915, xxxx4883, xxxx4497, xxxx5032, xxxx5040, xxxx5123, xxxx5610, xxxx5765, and xxxx6030 at U.S. Bank N.A.;

4.    Accounts xxxx6466, xxxx6474, and xxxx9688 at Citibank N.A.,

5.    Accounts xxxx9247 and xxxx6655 at Navy Federal Credit Union;

6.    PayPal account number 2056572151879696929; and

7.    Any other funds held by the Receiver.

C.    Any person that holds assets of a Defendant shall turn over such asset to the CFPB within ten (10) days of receiving notice of this Order.

D.    The Receiver shall, within ten (10) days of the Court's authorization of his fees and expenses, transfer the remaining funds to the Bureau.

E.    Within ten (10) days of the Receiver's transfer of funds to the Bureau, Defendants shall wire the remaining amount of the judgment for equitable monetary relief to the Bureau.

F.    Any funds received by the Bureau pursuant to this Section shall be deposited into a fund to be used for redress for consumers injured by the activities of Defendants alleged in the Complaint, including, but not limited to, refunds of moneys, restitution, damages or other monetary relief, and any attendant expenses for the administration of any such redress.

G.    Any funds not used for redress for consumers shall be deposited in the U.S. Treasury as disgorgement.

## VIII.

## OTHER MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.    If Defendants default on their payments, interest will be computed pursuant to 28 U.S.C. § 1961 and shall accrue on any outstanding amounts not paid from the

date of default to the date of payment, and shall immediately become due and payable.

B.      Defendants shall relinquish all rights to funds paid to the Bureau, and no part of the funds shall be returned to Defendants.

C.      In accordance with 31 U.S.C. § 7701, Defendants shall furnish to the Bureau their taxpayer identifying numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

D.      Pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 168lb(a)(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the Bureau, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

E.      Defendants shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including any insurance policy, with regard to any monetary relief, whether in the form of equitable monetary relief, damages, or a civil money penalty, paid pursuant to this Order.

F.      Defendants shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any monetary relief, whether in the form of equitable monetary relief, damages, or a civil money penalty, that Defendants pay pursuant to this Order.

G.      Defendants shall transfer to the territory of the United States all assets in foreign countries held:  (1) by Defendants; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individual or jointly.

## IX.

## RECEIVERSHIP AND ASSET FREEZE

**IT IS FURTHER ORDERED** that the appointment of Howard I. Camhi as Receiver for the business activities of the Receivership Defendant pursuant to this Court's Preliminary Injunction Order is continued as modified by this Section.

A.      Within thirty (30) days from the entry of this Order, the Receiver shall transmit to the Bureau all documents located at 1740 East Garry Avenue, Suites 118, 119, 202, and 206, that contain consumer payment information.

B.      The Receiver shall liquidate all assets of the Receivership Defendant.

C.      Following the liquidation, if any, of all personal property located at 1740 East Garry Avenue, Suites 118, 119, 202, and 206, the Receiver is authorized to abandon those premises and any remaining personal property located there.

D.      Upon liquidation of the assets of the Receivership Defendant, and no later than sixty (60) days from the entry of this Order, the Receiver shall file and serve on the parties a report and accounting ("Final Report"). The Final Report must include an accounting of the Receivership Defendant's finances and total assets and a description of what other actions, if any, must be taken to wind down the Receivership. Included with the Final Report, the Receiver shall file its final application for payment of compensation and expenses associated with its performance of its duties as Receiver.

E.      The Receiver shall mail copies of the Final Report to all known creditors of the Receivership Defendant with a notice stating that any objections to paying any assets of the Receivership Defendant to satisfy the Receiver's costs and expenses must be submitted to the Court and served by mail upon the Receiver and the parties within thirty (30) days of the mailing of the Final Report.

The Receiver will submit to the Court

F.      ~~The Court will review~~ the Final Report and any objections to the report and, the Court will determine if it should ~~absent a valid objection, will~~ issue an order directing that the Receiver:

12

1.      Pay the reasonable costs and expenses of administering the Receivership pursuant to the Receiver's application for payment of costs and expenses; and

2.      To the extent that funds remain, remit such funds to the Bureau.

G.      Upon the Receiver's fulfillment of his payment obligations under this Section and Section VII, the Receivership shall be terminated.

H.      Upon the transfer of funds pursuant to this Section and Section VII of this Order, the freeze of Defendants' assets shall be dissolved.

## X.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED**:

A.      Within seven (7) days of entry of this Order, each Defaulting Defendant must submit to the Bureau an acknowledgment, sworn under penalty of perjury, that he or she received this Order.

B.      This subsection applies to any business for which Defendants Najia Jalan or Richard K. Nelsen, individually or together, are a majority owner or directly or indirectly control.  For five (5) years after entry of this Order, Defendants Najia Jalan and Richard K. Nelsen must deliver a copy of this Order to:  (1) all principals, officers, directors, and managers of that business; and (2) all employees, agents, and representatives who participate in the marketing of any consumer financial good or service.  Delivery must occur within seven (7) days of entry of this Order for current personnel; for new personnel, delivery must occur before they start work.

C.      Defendant must obtain from each individual or entity to which a Defendant delivered a copy of this Order, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order and provide such records to the Bureau in accordance with Section XI of this Order.

13

# XI.

# REPORTING REQUIREMENTS

**IT IS FURTHER ORDERED** that Defendants make the following submissions to the Bureau:

A.     For ten (10) years following entry of this Order, each Defendant shall notify the CFPB of any change that may affect his or her compliance, including the proposed filing of any bankruptcy proceeding or a change in name or address, within 30 days of such change.

B.     Within seven (7) days after entry of this Order, each Defendant shall:

    1.     Designate at least one telephone number and an email, physical, and postal address as points of contact, which CFPB representatives may use to communicate with Defendant;

    2.     Identify any businesses owned by Defendant, describe the activities of each business, and identify the businesses' telephone numbers and email, Internet, physical, and postal addresses; and

    3.     Identify Defendant's current employment and job title.

C.     Within seven (7) days after entry of this Order, Defendant Jalan shall prepare and deliver to counsel for the Bureau:

    1.     A completed financial statement that includes any assets located inside or outside the territorial United States and is accurate as of the date of service of this Order, on the form of Attachment A to this Order; and

    2.     A completed financial statement that includes any assets located inside or outside the territorial United States and is accurate as of December 15, 2012, on the form of Attachment A to this Order.

D.     Both within one hundred and eighty (180) days after entry of this Order, and again one year after entry of this Order, Defendants shall submit a compliance report, sworn under penalty of perjury.  This report must describe how each

14

Defendant has complied with this Order, and it must include a copy of each Order Acknowledgment obtained pursuant to Section X.

E.       Any submission required to be sworn under penalty of perjury must be true and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

F.       All submissions to the Bureau must be emailed to enforcement@cfpb.gov or sent by commercial overnight courier (not the U.S. Postal Service) to:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
1700 G Street, NW, ATTN: 1750 PA
Washington, DC 20552
ATTN:  Office of Enforcement

The subject line must begin:  RE:  *CFPB v. Jalan, et al.*

## XII.

## BUSINESS RECORDKEEPING REQUIREMENTS

**IT IS FURTHER ORDERED** that, for ten (10) years following entry of this Order, Defendants create and maintain certain business records for any business involving consumer financial products or services where a Defendant is a majority owner or has direct or indirect control of the business.

A.       Defendants must create the following business records:

1.       Accounting records showing revenues and costs from all consumer financial products or services;

2.       Personnel records showing, for each person providing services, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

15

3.    Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and description of goods or services purchased;

4.    Complaints and refund requests, and any response; and

5.    A copy of each advertisement or other marketing material related to the marketing of any consumer financial product or service.

B.    Defendants must retain these records for five (5) years and provide them to the Bureau upon request.

# XIII.

# COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that:

A.    Within fourteen (14) days of receipt of a written request from the Bureau, each Defendant must:  submit additional compliance reports or other requested information, under penalty of perjury; appear for depositions; and produce documents for inspection and copying.

B.    The Bureau is authorized to obtain discovery without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

C.    The Bureau is authorized to communicate directly with each Defendant.

D.    The Bureau is authorized to use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.

E.    Nothing in this Order limits the Bureau's lawful use of compulsory process, pursuant to 12 C.F.R. § 1080.6.

# XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

# XV.

## SERVICE

**IT IS FURTHER ORDERED** that this Order may be served upon Defendants by electronic mail, certified mail, or United Parcel Service, either by the United States Marshal, the Clerk of the Court, or any representative or agent of the Bureau.

**IT IS SO ORDERED,** this 23ʳᵈ day of JULY , 2013, at 11:00 o'clock a .m.

ANDREW J. GUILFORD
United States District Judge

17